UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

DEEP DOWN, INC., )
　)
　　Plaintiff )
　)
v. ) No. 2:13-cv-209-GZS
　)
SUB SEA RECOVERY, LLC d/b/a )
SUB SEA RESEARCH, LLC, et al., )
　)
　　Defendants )

## MEMORANDUM DECISION AND ORDER ON PLAINTIFF'S MOTION TO REMOVE CASE FROM JURY TRIAL LIST AND STRIKE DEFENDANT'S JURY DEMAND

Plaintiff Deep Down, Inc. ("DDI") moves to remove this case from the court's jury trial list and strike the jury demand made by defendant Sub Sea Recovery, LLC d/b/a Sub Sea Research, LLC ("SSR") with respect to its counterclaim against DDI. *See* Plaintiff's Motion To Remove Case From Jury Trial List and To Strike Defendant's Demand for Jury Trial ("Motion") (ECF No. 29) at 1. For the reasons that follow, the Motion is granted insofar as it seeks to strike SSR's jury demand and deemed moot insofar as it seeks the removal of the case from the court's jury trial list.[1]

### I. Background

On June 5, 2013, DDI filed a verified complaint in admiralty, pursuant to Federal Rule of Civil Procedure 9(h), against SSR and the M/V Sea Hunter *in rem*, asserting a claim of breach of contract against SSR and seeking to foreclose a maritime lien against the M/V Sea Hunter. *See*

---

[1] A motion to strike a jury trial demand is non-dispositive. *See, e.g., Deslauriers v. Chertoff*, Civ. No. 07-184-B-W, 2009 WL 3418525, at *1 n.1 (D. Me. Oct. 20, 2009).

1

Verified Complaint ("Complaint") (ECF No. 1) ¶¶ 5, 14-26.[2] In its complaint, DDI alleged that, on September 1, 2012, it entered into a salvage contract with SSR to provide a remotely operated vehicle ("ROV") and the services of DDI personnel to aid SSR and its affiliates in a quest to salvage a sunken vessel known as the S.S. Port Nicholson. *See id*. ¶¶ 9-11. It complained that, although it had provided equipment and services pursuant to the contract, SSR had refused to pay for them. *See id*. ¶¶ 12-13.

On July 3, 2013, SSR filed its answer and counterclaim, asserting claims against DDI for breach of contract and unjust enrichment based on DDI's alleged equipment and personnel failures in its performance under the parties' September 1, 2012, contract. *See generally* Counterclaim, commencing on page 6 of Answer and Counterclaim of Defendant (Sub Sea Research, LLC) (ECF No. 7). SSR alleged that the court had original and diversity jurisdiction over the case and over SSR's counterclaim pursuant to 28 U.S.C. §§ 1332 and 1333. *See id*. ¶ 3. It stated: "SSR demands a trial by jury on all issues so triable." *Id*. at 11.

On July 4, 2013, the court issued a scheduling order in which it noted that a jury trial had been demanded. *See* Scheduling Order with incorporated Rule 26(f) Order ("Scheduling Order") (ECF No. 9) at 1. The Scheduling Order stated, in relevant part: "Unless an objection to this Order and a proposed discovery plan are filed by July 24, 2013, the Court will conclude that the required Rule 26(f) conference has taken place and that the terms and deadlines established in this proposed

---

[2] Rule 9(h) provides, in relevant part, "If a claim for relief is within the admiralty or maritime jurisdiction and also within the court's subject-matter jurisdiction on some other ground, the pleading may designate the claim as an admiralty or maritime claim for purposes of Rules 14(c), 38(e), and 82 and the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions." Fed. R. Civ. P. 9(h)(1). In electing to proceed pursuant to Rule 9(h), a plaintiff waives the right to a jury trial. *See, e.g., Concordia Co. v. Panek*, 115 F.3d 67, 70-71 (1st Cir. 1997).

scheduling order have been agreed to." *Id*. Neither side filed an objection by July 24, 2013. *See* ECF Docket.

On July 18, 2013, DDI answered SSR's counterclaim. *See* Answer to Counterclaim (ECF No. 11). It did not mention SSR's demand for a jury trial. *See id*.

On January 9, 2014, the court notified the parties that this case had been placed on Judge Singal's March 3, 2014, jury trial list. *See* ECF No. 28. On January 21, 2014, the plaintiff filed the Motion. *See* Motion. On January 27, 2014, I granted nearly identical motions by the parties to extend their deadline to file pretrial memoranda, with the modification that I stayed all pretrial deadlines pending the court's final ruling on the Motion, canceled the parties' scheduled final pretrial conference, removed the case from the March jury trial list, and directed that the Clerk's Office convene a further status teleconference with counsel following the court's final ruling on the Motion. *See* ECF No. 35.

## II. Discussion

DDI seeks to strike SSR's jury demand on the basis that granting a jury trial to SSR would effectively undermine DDI's choice pursuant to Federal Rule of Civil Procedure 9(h) to forgo a jury trial, given that the claims and counterclaim are too intertwined to proceed separately. *See* Motion at 3.

SSR opposes the Motion on the bases that (i) it is untimely, DDI fails to demonstrate good cause for its untimeliness, and SSR would be prejudiced if its jury demand were struck, (ii) DDI cannot strike SSR's jury demand without SSR's consent, which SSR will not grant, and, (iii) on the merits, certain cases relied on by DDI are distinguishable. *See* Defendant's Memorandum of Law in Opposition to Plaintiff's Motion To Remove Case From Jury Trial List and To Strike Defendant's Demand for Jury Trial ("Opposition") (ECF No. 34) at 2-8.

DDI rejoins that its Motion was not untimely, SSR demonstrates no prejudice, SSR's consent is not required, and SSR objects "only perfunctorily" to the merits of its argument. *See* Plaintiff's Reply to Defendant's Opposition to Plaintiff's Motion To Remove Case From Jury Trial List and To Strike Defendant's Demand for Jury Trial ("Reply") (ECF No. 37) at 2-7.

For the reasons that follow, I conclude that the Motion is both timely and meritorious.

### A. Timeliness

SSR contends that DDI waived its right to challenge SSR's demand for a jury trial when it answered SSR's counterclaim without challenging the jury demand or then filing a motion to strike it. *See* Opposition at 2. It contends that, in any event, waiver occurred when DDI (i) failed to object to the scheduling order, in which the court noted that a jury trial was demanded, and (ii) waited until one month after the parties had been notified that the case had been placed on a jury trial list, and seven weeks before the then-scheduled jury empanelment, to raise the issue. *See id.* at 2-4.

SSR cites no authority for the proposition that " the procedurally appropriate time to make this known would have been in [DDI's] Answer to SSR's breach of contract claim or via an accompanying motion – at the commencement of the action." *Id*. at 2. As DDI points out, *see* Reply at 4-5, this court has held otherwise, *see, e.g.*, *South Port Marine, LLC v. Gulf Oil Ltd. P'ship*, 56 F. Supp.2d 104, 107 (D. Me. 1999) (rejecting plaintiff's claim that "the defendants waived any objection to the use of a jury in this case by waiting until the eve of trial to make their motion to strike"; observing, "The issue here really is not one of waiver because the court can deny an inappropriate request for a jury without a party's motion. *See* Fed.R.Civ.P. 39(a). Had the defendants suffered a jury trial in silence, I would not hesitate to hold that they had consented to a jury trial under Rule 39(c). In this case, however, on the eve of trial the defendants opposed the

use of a jury. Since there was at least doubt whether there was sufficient consent to satisfy Rule 39(c), I exercised my discretion not to order such a trial and initiated instead an inquiry under Rule 39(a) as to the plaintiff's right to a jury trial"); *see also United States v. JMG Excavating & Constr. Co.*, No. 03-134-P-S, 2005 WL 1412445, at *4-*5 (D. Me. May 24, 2005) (holding that, even though, unlike in *South Port Marine*, party demanding jury trial had not done so pursuant to Rule 39(a), motion to strike that jury demand was not untimely when it was "brought before the trial date"); *Jones-Hailey v. Corporation of the Tenn. Valley Auth.*, 660 F. Supp. 551, 553 (E.D. Tenn. 1987) (Rule 39(a) "contains no time limit within which [the defendant] was required to object to [the plaintiff's] jury demand. This Court cannot impose a right to a jury trial where none exists even though [the defendant] waited until one month before the scheduled trial date to move the Court to strike the jury demand.").[3]

Nor did DDI waive its challenge by failing to object to the scheduling order. As DDI notes, *see* Reply at 3, the court merely observed therein that a jury trial had been demanded. It made no determination that the jury demand had merit, set no deadline for the filing of any motion relating to that demand, and did not, as SSR contends, confirm "what the parties plead – that SSR sought, was entitled to, and could expect a jury trial." Opposition at 2-3 (emphasis omitted). Nor did the scheduling order place the case on a "jury trial track as was pleaded by SSR." *Id*. at 3 (footnote omitted). It placed the case on the Standard Track, an assignment that does not address the issue of whether a case is to be tried to a jury. *See* Scheduling Order at 1; Loc. R. 16.3(b). While, as

---

[3] While SSR does cite caselaw in support of its waiver argument, *see, e.g.,* Opposition at 7-8, that caselaw, as DDI notes, *see* Reply at 4, is materially distinguishable in that it concerns waiver of the right to *demand* a jury trial, a situation in which there is a clear deadline to do so, *see, e.g., Iseley v. Talaber*, Civil No. 1:CV-05-0444, 2007 WL 2903340, at *4 (M.D. Pa. Sept. 28, 2007) ("Rule 38(b) of the Federal Rules of Civil Procedure provides that any party may demand a trial by jury of any issue triable of right by a jury by filing and serving such a demand not later than 10 days [currently, 14 days] after the service of the last pleading direct[ed] to such issue. Failure to make such a demand constitutes a waiver of the right to a jury trial[,]" although "the court in its discretion upon motion may order a trial by jury of any or all issues.") (citations and internal punctuation omitted).

5

SSR notes, *see* Opposition at 4, the discovery deadline and the deadline for filing dispositive and *Daubert* motions had passed as of the time of the filing of the Motion, they are inapposite.

Nor, finally, did DDI waive any right to move to strike the jury demand by waiting, by my count, until 12 days after publication of notice that the case had been placed on the trial list and six weeks prior to jury empanelment. As noted above, this court has rejected "eve-of-trial" challenges to motions to strike jury demands. *See JMG*, 2005 WL 1412445, at *4-*5; *South Port Marine*, 56 F. Supp.2d at 107.

The Motion having been timely filed, I need not consider SSR's arguments that DDI failed to show good cause for the purported untimeliness and that, in any event, the allowance of the Motion at this late date would prejudice SSR, which invested time preparing to present this case to a jury. *See* Opposition at 4-8.[4]

### B. Asserted Need for SSR's Consent

SSR cites Federal Rules of Civil Procedure 38(d) and 39(a) for the proposition that, because its demand for a jury trial was properly made, relied upon, and acknowledged by the parties and the court, both parties must consent before it can be withdrawn. *See* Opposition at 6. It makes clear that it does not consent. *See id*.

Rule 38(d) provides, "A party waives a jury trial unless its demand is properly served and filed. A proper demand may be withdrawn only if the parties consent." Fed. R. Civ. P. 38(d). Rule 39(a) provides:

> When a jury trial has been demanded under Rule 38, the action must be designated on the docket as a jury action. The trial on all issues so demanded must be by jury unless:

---

[4] In any event, as DDI argues, *see* Reply at 6, SSR fails to make a persuasive case that it was prejudiced. It does not articulate how it would have prepared this case differently had it believed that it was to be tried to the court and not a jury. In addition, as noted previously, I stayed all final pretrial deadlines pending the resolution of the Motion.

6

> (1) the parties or their attorneys file a stipulation to a nonjury trial or so stipulate on the record; or
>
> (2) the court, on motion or on its own, finds that on some or all of those issues there is no federal right to a jury trial.

Fed. R. Civ. P. 39(a).

Nonetheless, consent for the withdrawal of a jury demand is required only if the demand is "proper[,]" Fed. R. Civ. P. 38(d). Rule 38 further provides, under the subheading "Admiralty and Maritime Claims": "These rules do not create a right to a jury trial on issues in a claim that is an admiralty or maritime claim under Rule 9(h)." Fed. R. Civ. P. 38(e). For the reasons discussed below, I find that SSR has no right to a jury trial in the circumstances presented. Hence, pursuant to Rule 39(a)(2), its consent to the withdrawal of its jury demand is not required.

### C. SSR's Entitlement to a Jury Trial

The First Circuit has noted:

> Fed.R. Civ.P. 38(a) provides that the right of trial by jury as declared by the Seventh Amendment to the Constitution or as given by a statute of the United States shall be preserved to the parties inviolate. *Any* party can preserve its right to a jury by making a timely demand for a jury trial, and once the demand is made, *both* parties must consent before it can be withdrawn.
>
> When claims which could be characterized as either admiralty or common law claims are raised in a case, a party's right to a jury trial becomes more complex. Generally, there is no constitutional right to jury trial for admiralty claims.
>
> ***
>
> Where claims are cognizable either in admiralty or in a nonmaritime ground of federal jurisdiction, Rule 9(h) sets forth the procedure by which a plaintiff indicates his choice to proceed in admiralty for a saving-clause claim in federal court. . . . .
>
> The impact of the 9(h) election is that all claims are tried by the court, rather than the jury. A waiver of the right to a jury is implicit in this election.
>
> When the case itself is hybrid – that is, the complaint is designated as in admiralty and a compulsory counterclaim contains saving-clause [nonmaritime] claims – as the case is here, matters become even more complicated. In hybrid cases, the

> question arises whether the plaintiff's 9(h) designation should control the procedures for the entire case or whether the court should attempt to accommodate the counterclaimant's Seventh Amendment right.
>
> There is a split of authority on this issue. Some courts have concluded that a plaintiff's Rule 9(h) election characterizes the whole action regardless of any Seventh Amendment right the counterclaimant may have had to a jury trial.
>
> Other courts have allowed a separate jury trial on the common law claims where both parties using different triers of fact, could prevail on their respective claims without prejudicing the other party or arriving at inconsistent results. For example, in *Koch Fuels, Inc. v. Cargo of 13,000 Barrels of No. 2 Oil*, [704 F.2d 1038 (8th Cir. 1983], the Eighth Circuit affirmed the district court's grant of a separate jury trial for the common law counterclaim and a bench trial for the plaintiff's admiralty claim. The court noted that although there is no constitutional right to a jury trial in admiralty cases, the trial court must, whenever possible, strive to preserve the right to a trial by jury. The Eighth Circuit affirmed the district court's grant of two fact-finders because the parties' claims were easily separated, one involving wrongful conversion and the other breach of contract.

*Panek*, 115 F.3d at 69-71 (citations and internal punctuation omitted) (emphasis in original).

The First Circuit "decline[d] to resolve the difficult issue" because, even assuming without deciding that the plaintiff's Rule 9(h) election did not necessarily control the entire action, the defendant had failed to demand a jury trial in his counterclaim. *See id*. at 71. My research confirms that the First Circuit has yet to resolve this issue. However, this court has expressed confidence that, if the First Circuit were to do so, it would follow *Koch Fuels*. *See Jefferson Ins. Co. of N.Y. v. Maine Offshore Boats, Inc*., No. 01-44-P-H, 2001 WL 484040, at *2 (D. Me. May 7, 2001). In that case, pursuant to the *Koch Fuels* rubric, this court granted a plaintiff's motion to strike the defendants' demand for a jury trial when the plaintiff brought its claim in admiralty (thereby waiving its right to a jury trial), the defendants, in their counterclaim, demanded a jury trial, and, unlike in *Koch Fuels*, the defendants' counterclaim was intertwined with the plaintiff's claim. *See id*. at *1-*2. *See also, e.g., Clarendon Am. Ins. Co. v. Rodriguez*, No. CIV. 99-1623(JP), 1999 WL 33218159, at *1-*2 (D.P.R. Oct. 4, 1999) (granting plaintiff's motion to strike defendants' demand

8

for jury trial in case in which plaintiff had elected pursuant to Rule 9(h) to proceed in admiralty when "the counterclaims [were] directly linked with the insurance contract in question and intertwined with the main action").

*Jefferson Insurance* is materially indistinguishable from this case. Here, too, the plaintiff's claims and the defendant's counterclaim are intertwined. Each seeks damages for the other's alleged breach of their September 1, 2012, contract. DDI says that it provided equipment and services pursuant to the contract, and SSR failed to pay, *see* Complaint ¶¶ 12-13, and SSR says that DDI abandoned the project and failed to fulfill a myriad of its contractual obligations and promises, causing SSR economic detriment and damages, *see* Counterclaim ¶¶ 22-23. As DDI argues, "it would not only be virtually impossible to sever, from a factual point of view, the Complaint from the Counterclaim, it would also result in a waste of judicial resources and give rise to the possibility of inconsistent results." Motion at 4.[5]

SSR, accordingly, has no right to a jury trial.

### III. Conclusion

For the foregoing reasons, the Motion is ***GRANTED*** insofar as DDI seeks to strike SSR's jury demand and ***DEEMED MOOT*** insofar as DDI seeks to remove this case from the court's jury trial list, that action having already been taken. In accordance with my report and order dated January 27, 2014, *see* ECF No. 35, the Clerk's Office is ***DIRECTED*** to convene a further status teleconference with counsel following the expiration of the period within which to object to this order or, if a timely objection is made, following the court's adjudication of the same.

---

[5] Tellingly, while SSR seeks to distinguish other caselaw cited by DDI, it does not attempt to distinguish *Jefferson Insurance*. *See* Opposition at 5-6.

## *NOTICE*

*In accordance with Federal Rule of Civil Procedure 72(a), a party may serve and file an objection to this order within fourteen (14) days after being served with a copy thereof.*

*Failure to file a timely objection shall constitute a waiver of the right to review by the district court and to any further appeal of this order.*

Dated this 21st day of May, 2014.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge